## LAFEVERE v. CORNEAIL.

1. Appeal and Error—Claim Not Sustained by Record Not Considered on Error.

Where the record does not sustain the claim of appellants that they were compelled to go to trial without being allowed to litigate the claim stated in count three of their declaration, said question will not be considered, on error.[1]

2. Trial—Separation of Jury Over Night.

The trial judge was not in error in allowing a jury composed of five women and seven men, in a civil case, after

[1]Appeal and Error, 4 C. J. § 2362.

they had retired to consider the verdict, to separate at 11 o'clock at night and return the next morning to resume their deliberations.[2]

Error to Oakland; Covert (Frank L.), J. Submitted October 8, 1924. (Docket No. 21.) Decided December 10, 1924.

Case by Alexander Lafevere and another against Daniel F. Corneail for fraud in an exchange of property. Judgment for defendant. Plaintiffs bring error. Affirmed.

*George A. Sutton* and *Goodloe H. Rogers,* for appellants.

*Theo. D. Halpin* and *Robert D. Heitsch,* for appellee.

MOORE, J. We quote from the record as follows:

"Counts one and two of plaintiffs' declaration counted against two defendants other than Daniel F. Corneail, which defendants had been joined at the time of commencement of suit, and under order of the court plaintiffs had elected to proceed to trial in this action against Daniel F. Corneail alone, and for that reason no proofs were offered under counts one and two of said amended declaration and they are not material for the purpose of this appeal and writ of error."

There were three other counts in the declaration which are quoted in full in the record, and all of them are directed against defendant Corneail.

The important part of the order mentioned by counsel reads as follows:

"The court is of the opinion that there are two separate actions set forth in the declaration; therefore, upon the court's own motion it is hereby ordered that separate trials be had in this cause as to the first two counts in the declaration against Moloney and Nash, and as to the two last counts, against Daniel F. Corneail."

---

[2]Trial, 38 Cyc. p. 1821.

After this order was made the trial proceeded against the defendant Corneail, and the case was submitted to a jury composed of five women and seven men. They deliberated until 11 o'clock at night, when they were allowed to separate until the next morning, when they renewed their deliberations, and later returned a verdict in favor of defendant. The case is brought into this court by writ of error.

Counsel claim, we quote from the brief:

"The questions  *  *  *  are:
"*First.* Whether or not the trial court should have compelled the plaintiffs and appellants to proceed to trial against the defendant Daniel F. Corneail, as to part only of their causes of action against him under the circumstances of this case;

"*Second.* Whether or not the honorable trial judge erred in permitting the jury to retire from their deliberation at night to go to their respective homes, to return the following morning and resume their deliberation in regard thereto."

It is claimed by appellants' counsel that plaintiffs were not allowed to litigate the claim stated in count three, and that this was error. We have already quoted the order of the court and what is said in the record about the election of the plaintiffs to proceed. It does not appear in either of these quotations that anything was said about count three.

Counsel for the defendants insist:

"The record does not show as claimed by appellants, that the court compelled the plaintiffs to proceed to trial against Daniel F. Corneail upon count three alone, or upon counts four and five and eliminating therefrom count three.

"The question raised by the first assignment of error not appearing on the record can not be considered on this appeal."

None of the testimony offered upon the trial appears in the record. An examination of the record sustains the claim of counsel for appellee that it does

not appear therein that count three was eliminated.

As to the second assignment of error the record does not show that any objection was made to the order of the court allowing the jury to separate until after the verdict.   However we do not deem this as material as we think the instant case is controlled in this particular by what is said in *Vercruysse* v. *Ulaga, ante,* 49, in which an opinion was handed down at this term of court.

We find no reversible error.

Judgment is affirmed, with costs to the appellee.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.